UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
KWADWO OWUSU,                       )
                                    )
                    Petitioner,     )
                                    )
v.                                  )   Civil Action
                                    )   No. 26-cv-10299-PBS
DAVID WESLING, Field Office         )
Director, et al.,                   )
                                    )
                    Respondents.    )
_____)

**ORDER**

January 29, 2026

Saris, J.

On January 23, 2026, Petitioner Kwadwo Owusu ("Petitioner")[1] filed a habeas petition under 28 U.S.C. § 2241 to challenge his immigration detention without a bond hearing. Upon review of the petition, the Court ordered the government to "file a status report or other response stating whether it disputes that Petitioner is a member of the . . . class" in Guerrero Orellana v. Moniz, et al., No. 25-cv-12664-PBS (D. Mass. Sep. 18, 2025), "and is entitled to a bond hearing under the Court's declaratory judgment in that case." Dkt. 5.

---

[1] The petition spells Petitioner's surname as both "Owuso" and "Owusu." The Court uses the latter spelling, which appears on a U.S. Department of Homeland Security document in the record. See Dkt. 1-1 at 1.

1

In its response, the government does not dispute that Petitioner is a member of the Guerrero Orellana class and concedes that "[s]hould the Court apply the reasoning of Guerrero Orellana, it would reach the same result here." Dkt. 7 at 3. Because Petitioner's membership in the Guerrero Orellana class is undisputed, the Court concludes that Petitioner is entitled to a bond hearing pursuant to the declaratory judgment in that case. See Unión de Empleados de Muelles de P.R., Inc. v. Int'l Longshoremen's Ass'n, AFL-CIO, 884 F.3d 48, 58 (1st Cir. 2018) (explaining that a "declaratory judgment is binding on the parties before the court and is res judicata in subsequent proceedings as to the matters declared" and, thus, "can be used by a party to later obtain further relief" (quoting Am. Airlines, Inc. v. Cardoza-Rodriguez, 133 F.3d 111, 122 n.11 (1st Cir. 1998))).

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** that the government release Petitioner unless he is provided with a bond hearing that complies with the standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven business days of the date of this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge